**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MAYCEE FIGUEROA, deceased, by her Father JOHN FIGUEROA, as Personal Representative of the Estate, and JOHN FIGUEROA and MARSHA FIGUEROA Individually,**<br><br>Plaintiffs,<br><br>v.<br><br>**CATHOLIC HEALTHCARE WEST, et al.,**<br><br>Defendants. | 1: 07 -CV- 0200 AWI DLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**ORDER DISMISSING ACTION**<br><br>**ORDER VACATING APRIL 16, 2007 HEARING**<br><br>(Documents #7 and #8) |

**BACKGROUND**

On February 6, 2007, Plaintiffs filed this action on their own behalf and as the representatives of the estate of their deceased daughter, Maycee Figueroa. The complaint alleges state law causes of action for negligence, wrongful death, breach of contract, breach of fiduciary duty, and negligent infliction of emotional distress. The complaint alleges that this court has federal jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and over $75,000 is in controversy.

On March 8, 2007, Defendant William J. Redden filed a motion to dismiss. Defendant Redden contends that both decedent Maycee Figueroa and Defendant Redden are citizens of

California.  Thus, Defendant Redden contends this court lacks diversity jurisdiction over this action.

On March 30, 2007, Plaintiffs filed a non-opposition to Defendant Redden's motion. Plaintiffs state that after considering the moving papers, Plaintiffs elect not to oppose Defendant Redden's motion.   Plaintiffs ask that the court grant the motion and dismiss this action without prejudice to enable Plaintiffs to seek relief in state court.

Despite the presence of other named Defendants, no other party has filed an opposition to Defendant's motion or Plaintiffs' non-opposition.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction.  The plaintiff has the burden to establish that subject matter jurisdiction is proper.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action.  <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  <u>Thornhill Publishing Co. v. General Telephone Electronics</u>, 594 F.2d 730, 733 (9th Cir. 1979).  A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings.  <u>Mortensen</u>, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  <u>St. Clair v. City of Chico</u>, 880 F. 2d 199, 201 (9th Cir.1989); <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1177 (9th Cir. 1987).

**RELEVANT FACTS**

The complaint alleges that Plaintiffs John Figueroa and Marsha Figueroa are residents of the State of Utah.  The evidence provided by Defendant Redden states that Decedent Maycee

Figueroa was a resident of the State of California at the time of her death, and by operation of law, Decedent Estate's legal representative is also deemed a resident of the State of California. The complaint alleges that Defendant Redden is a resident of the State of California.

## DISCUSSION

Title 28 U.S.C. § 1332 provides for federal jurisdiction based on diversity of citizenship. Section 1332 reads in part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.
> (b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.
> (c) For the purposes of this section and section 1441 of this title--
> (1) a corporation shall be deemed . . . .
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.
> . . . .

28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001).

Here, the parties agree that Plaintiff Estate and Defendant Redden are both citizens of California. As such, this court lacks jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this court must dismiss this action. Plaintiff does not oppose dismissal, and in fact asks that the court dismiss this action without prejudice so Plaintiffs may file it in state court. No other

Defendant has filed an opposition to Defendant Redden's motion. Thus, dismissal in this case is warranted.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendant Redden's motion to dismiss is GRANTED;
2. This action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction;
3. The April 16, 2007 hearing is VACATED; and
4. The Clerk of the Court SHALL close this file as this order terminates this action.

IT IS SO ORDERED.

**Dated:   April 10, 2007**          /s/ Anthony W. Ishii
                                     UNITED STATES DISTRICT JUDGE